<div align="center">

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

</div>

| | |
|---|---|
| TARA DRUFFEL, an unmarried individual adult female,<br><br>                        Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC.,<br><br>                        Defendant. | No. 2:20-cv-00348-SEH<br><br>**ORDER** |

Pending before the Court is Defendant Fred Meyer Stores, Inc.'s (Fred Meyer) Renewed Motion for Judgment as a Matter of Law or, Alternatively, New Trial, and Relief from Judgment.[1]

## BACKGROUND

This case was tried before a jury, the Honorable Sam E. Haddon presiding, in Coeur d'Alene, Idaho February 28, 2023, to March 3, 2023.[2] Defendant moved for judgment as a matter of law under Fed. R. Civ. P. 50 upon close of Plaintiff Tara Druffel's case.[3] The motion was denied.[4] The jury verdict was returned on March 3, 2023, awarding Druffel $202,000 in

---

[1] Doc. 173.
[2] Docs. 157–161.
[3] Doc. 160 at 2.
[4] *Id.*

damages.[5] Judgment was entered March 6, 2023.[6] Judge Haddon recused himself on March 6, 2023,[7] and on March 7, 2023, the case was reassigned to Judge B. Lynn Winmill.[8]

On April 3, 2023, Fred Meyer: (1) renewed its motion for judgment as a matter of law; (2) moved for a new trial; and (3) sought relief from judgement under Rule 60.[9] On April 5, 2023, Judge Winmill referred issues raised in the post-trial motions[10] to Judge Haddon to address and resolve.[11] On April 27, 2023, Judge Haddon ordered Druffel's counsel to file certain displays posted during closing argument at trial.[12] The displays were filed on May 3, 2023.[13]

The post-trial motions are fully briefed.[14] An order permitting Fred Meyer to file an overlength reply brief was entered by Judge Haddon on May 10, 2023.[15] A hearing was conducted on May 16, 2023.[16] All issues pending before this Court are ripe for address and resolution.

## DISCUSSION

The post-trial motions raise three separate issues requiring Court address and resolution: (1) whether Fred Meyer is entitled to dismissal of Druffel's claims for failure to prove her *prima facia* case for negligence; (2) whether Fred Meyer is entitled to a new trial under Fed. R. Civ. P. 59; and (3) whether Fred Meyer is entitled to relief from judgment under Fed. R. Civ. P. 60.[17] If

---

[5] Doc. 165.
[6] Doc. 166.
[7] Doc. 167.
[8] Doc. 168.
[9] Doc. 173.
[10] *Id.*
[11] Doc. 176.
[12] Doc. 184.
[13] Doc. 185.
[14] Docs. 173, 180, 187.
[15] Doc. 189.
[16] Doc. 190.
[17] Doc. 173 at 1.

a renewed motion for judgment as a matter of law and a motion for a new trial are joined, the Court must rule on both.[18] All issues are addressed in this memorandum and order.

### A. Fred Meyer's Fed. R. Civ. P. 50(b) Motion.

Fred Meyer's renewed motion for judgment as a matter of law on Druffel's negligence premise liability claim argues no legally sufficient evidentiary basis existed for a reasonable jury to find for Druffel.[19] The court may direct judgment as a matter of law even after a jury renders a verdict if the moving party moved for judgment as a matter of law pre-verdict.[20] "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury [and] the movant may file a renewed motion for judgment as a matter of law."[21]

Judgment as a matter of law is proper if the evidence permits only one reasonable conclusion.[22] To grant Fred Meyer's Rule 50(b) motion, the Court must find "that a reasonable jury would not have [had] a legally sufficient evidentiary basis to find" in Druffel's favor.[23] "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed."[24] The Court views the evidence most favorably to the non-moving party and draws all reasonably inferences in favor of the non-moving party in making its decision.[25]

The evidence supporting Druffel's case was sufficient to submit the liability issue to the trier of fact for resolution. The "Food for Kids" program was sponsored, approved, and supervised by Fred Meyer, and at all times Fred Meyer had a responsibility to maintain the

---

[18] 9 Matthew Bender, *Moore's Federal Practice*, § 50.44 (3d ed. 2022).
[19] Doc. 173-1 at 6–7.
[20] Fed. R. Civ. P. 50(b).
[21] *Id.* (cleaned up).
[22] *Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003).
[23] Fed. R. Civ. P. 50(a)(1).
[24] *Anderson v. Liberty Lobby*, 477 U.S. 242, 250–51 (1986) (citing *Wilkerson v. McCarthy*, 336 U.S. 53, 62 (1949)).
[25] *Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 802 (9th Cir. 2009).

premises in a reasonably safe condition. Druffel slipped and fell resulting from a condition within Fed Meyer's control and responsibilities, which Druffel attributed to the cause of her injury and continuing pain issues.

All factors considered, it was for the jury to assess and determine whether Druffel's slip and fall at the Fred Meyer Store was the proximate cause of the injury for which she sought recovery. The Rule 50(b) motion is denied.

### B. Fred Meyer's Fed. R. Civ. P. 59(a) Motion.

Fred Meyer asserts that if the Court denies its Rule 50(b) motion, it should find a new trial is warranted and should grant Fred Meyer a new trial to prevent a miscarriage of justice caused by Druffel's counsel's alleged misconduct during closing arguments.[26] Rule 59(a), however, "does not specify the grounds on which a motion for a new trial may be granted."[27]

District courts have discretion to order a new trial for a variety of reasons, including: (1) if the verdict is contrary to the clear weight of the evidence; (2) if the verdict is based on false or perjurious evidence; (3) if it is necessary to prevent a miscarriage of justice; (4) if the verdict is not fair to the moving party; or (5) if there is a reasonably probability that questioned material could have affected the verdict.[28] The issue of whether to grant a new trial is fundamentally addressed to the discretion of the Court.[29]

---

[26] Doc. 173-1 at 12–21.
[27] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)).
[28] *Id.* (citing *Passantino v. Johnson & Johnson Consu. Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)); *United States v. Rosenthal*, 454 F.3d 943, 949 (9th Cir. 2006), *overruled in part on other grounds by Godoy v. Spearman*, 861 F.3d 959, 968, n.6 (9th Cir. 2017).
[29] *See Holmes v. Wack*, 464 F.2d 86 (10th Cir. 1972); *Cecil Corley Motor Co. v. General Motors Corp.*, 380 F. Supp. 819 (M.D. Tenn. 1974); *Premack v. J.C.J. Ogar, Inc.*, 148 FRD 140 (E.D. Pa. 1993); *Maxwell v. J. Baker, Inc.*, 160 FRD 580 (D. Minn. 1995).

Counsel who appear and practice in this Court are highly trained individuals and are officers of the Court who must always recognize and carry out their responsibilities to the highest standards of professional conduct that are critical to ensuring protection of our justice system. Nothing less is acceptable.

Neither lack of experience, nor lack of familiarity with court practice standards is an excuse. Failure or refusal to comply with applicable and expected practice standards and specific orders of the Court are unacceptable and cannot and will not be tolerated, overlooked, treated as harmless, or rewarded.

The record in this case clearly establishes that Druffel's counsel on multiple occasions, over a time period spanning some 26 months, disregarded or failed to observe or comply with filing deadlines established by Court order or otherwise undertook to initiate and carry out untimely or inappropriate pretrial proceedings.[30] Such conduct was plainly prejudicial and contrary to fundamental practice standards and fair court process which could and should have been avoided and never injected into the record, and which occurred without notice to the Court or permission granted by the Court, and without notice to opposing counsel or any opportunity in advance to prevent.

Plaintiff's counsel's shortcomings and failures to comply with the Court's orders and rulings, however, did not end pretrial. During the trial, and after the evidence was closed and after instructions were given, but before the case was submitted to the jury, counsel for Druffel intentionally engaged in inappropriate conduct by informing the jury of inadmissible factual matters that were not part of the case record, were irrelevant to the issues, and were highly prejudicial, and all of which were undertaken and carried out without request for permission

---

[30] *See* Docs. 15, 27, 66, 118, 120, 150.

5

from the Court sought or obtained in advance, without notice to or permission of the Court given, and without notice to opposing counsel or opportunity for opposing counsel to be heard in opposition.

As noted, such conduct intentionally undertaken and carried out without any effort to observe or comply with fundamental principles of accepted professional court conduct cannot be considered or evaluated as mere oversight or inadvertence. The prejudicial implications and adverse consequences of the conduct and statements to the integrity of fair court process are obvious and cannot be overlooked, minimized, labeled as insignificant, harmless, or in any way rewarded.

The repeated events that occurred throughout the pretrial process, and the statements made during closing arguments, as evidenced by the totality of the circumstances in the record, make clear that it was reasonably probable that the verdict was influenced by the misconduct of counsel.[31] The harm occasioned by repeated instances of misconduct was accomplished when the events that transpired occurred and when words were stated on the record. The reasonable probability that the verdict, when entered, had been influenced by the misconduct was, at that point, in the record and remained in the record. The harm was done and could not then be cured or undone by admonishment by the Court or by additional curative instructions to disregard that which had taken place. As noted, such repeated counsel misconduct cannot and may not be countenanced, excused, or rewarded. A new trial is warranted and required. The Rule 59(a) motion is granted.

---

[31] *See Rosenthal*, 454 F.3d at 949.

### C. Fred Meyer's Fed. R. Civ. P. 60(b)(3) & (6) Motion.

Finally, Fred Meyer argues that if the Court denies its Rule 50 and Rule 59 motions, it should grant Fred Meyer relief from judgment under Rule 60(b)(3) & (6) given the prejudicial outcome of the trial and excessive and speculative award of damages considering Druffel's counsel's misconduct.[32] Fred Meyer's Rule 59 motion for a new trial has been granted.[33] The jury verdict will be set aside, and the judgment vacated. The Rule 60(b)(3) & (6) motion is denied as moot.

**ORDERED:**

1. Fred Meyer's Renewed Motion for Judgment as a Matter of Law or, Alternatively, New Trial, and Relief from Judgment[34] is **GRANTED IN PART**, and **DENIED IN PART**, as follows:

    a. Fred Meyer's Rule 50(b) motion for judgment as a matter of law is **DENIED**;

    b. Fred Meyer's Rule 59(a) motion for a new trial is **GRANTED**; and

    c. Fred Meyer's Rule 60(b)(3) & (6) motion for relief from judgment is **DENIED AS MOOT**.

2. The jury verdict of March 3, 2023,[35] is **SET ASIDE**.

3. The judgment entered March 6, 2023,[36] is **VACATED**.

4. A date for a new trial on all issues will be set by separate order of Court.

---

[32] Doc. 173-1 at 21–22.
[33] *See supra* Part B.
[34] Doc. 173.
[35] Doc. 165.
[36] Doc. 166.

**FURTHER ORDERED:**

This Court having recused itself on March 6, 2023,[37] and the referred matters presented in Doc. 173[38] having been resolved, future proceedings in this case will be taken up and addressed as deemed appropriate by Judge Winmill.

DATED this 17th day of May, 2023.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[37] Doc. 167.
[38] Doc. 176.